## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 223 PENSION FUND; TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 223 DEFERRED INCOME FUND; TRUSTEES OF THE NEW ENGLAND ELECTRICAL WORKERS BENEFITS FUND; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; TRUSTEES OF THE BROCKTON ELECTRICIANS JOINT APPRENTICESHIP AND TRAINING TRUST FUND; TRUSTEES OF THE SOUTHEASTERN MASSACHUSETTS ELECTRICAL LABOR MANAGEMENT FUND; TRUSTEES OF THE LABOR-MANAGEMENT COOPERATION COMMITTEE; ADMINISTRATIVE MAINTENANCE FUND; and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 223,<br>      Plaintiffs,<br><br>v.<br><br>CAVALLO-CAVALLO, INC. d/b/a BEAUMONT SOLAR COMPANY,<br>      Defendant,<br><br>and<br><br>BANK FIVE and SANTANDER BANK N.A.,<br>      Trustees. | C.A. No. |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, and pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions due to the plans under the terms of a collective bargaining

agreement and the plans. This is also an action by a labor organization, brought pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, to enforce an employer's obligation under a collective bargaining agreement to remit dues and other amounts deducted from employees' earned wages to the labor organization.

## JURISDICTION

2.  The Court has exclusive jurisdiction of this action pursuant to Section 502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and Section 301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.  The International Brotherhood of Electrical Workers Local 223 Pension Fund ("Pension Fund") is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Pension Fund provides participants with a defined pension benefit. The Pension Fund is governed by its Trustees and is administered by a third-party administrator at its offices at 10 Technology Drive in Wallingford, Connecticut.

4.  The International Brotherhood of Electrical Workers Local 223 Deferred Income Fund ("Deferred Income Fund") is an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Deferred Income Fund is a defined contribution pension plan. The Deferred Income Fund is governed by its Trustees and is administered by a third-party administrator at its offices at 10 Technology Drive in Wallingford, Connecticut.

5.  The New England Electrical Workers Benefits Fund ("Health Fund") is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). The Health Fund provides participants with medical, dental, vision, and other health

and welfare benefits. The Health Fund is governed by its Trustees and is administered by a third-party administrator at its offices at 10 Technology Drive in Wallingford, Connecticut.

6. The National Electrical Benefit Fund ("NEBF") is an "employee pension benefit plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. §1002(2). The NEBF provides participants and their beneficiaries with retirement and other related benefits. The NEBF is governed by its Trustees and is administered at 2400 Research Boulevard, Rockville, Maryland.

7. The Brockton Electricians Joint Apprenticeship and Training Trust Fund ("Training Fund") is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). The Training Fund provides education and training for participants. The Training Fund is governed by its Trustees and is administered at 475 Myles Standish Boulevard in Taunton, Massachusetts.

8. The Health, Pension, Deferred Income, NEBF, and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the ERISA Funds." The ERISA Funds are third-party beneficiaries of the collective bargaining agreement ("CBA") between Defendant Cavallo-Cavallo, Inc. d/b/a Beaumont Solar Company and the Union.

9. The Southeastern Massachusetts Electrical Labor Management Fund ("S.E. Mass. ELMCT") is a local labor management cooperation committee and a trust. The S.E. Mass. ELMCT is governed by its Trustees and administered at 475 Myles Standish Boulevard in Taunton, Massachusetts, within this judicial district.

10. The Local Labor-Management Cooperation Committee ("LMCC") is a local labor management cooperation committee and a trust. The LMCC is governed by its Trustees and

administered by the National Electrical Contractors Association at its offices at 300 Centreville Road in Warwick, Rhode Island.

11.     The Administrative Maintenance Fund ("AMF") is a fund governed by the National Electrical Contractors Association and administered by the Association at its offices at 300 Centreville Road in Warwick, Rhode Island.

12.     Together, the ERISA Funds, S.E. Mass. ELMCT, LMCC and AMF are hereinafter referred to collectively herein as "the Funds".

13.     The IBEW Local 223 ("Union") is a labor organization within the meaning of Sections 2(5) and 301(5) of the LMRA, 29 U.S.C. §§152(5), 185(a).  The Union represents electrical workers in Southeastern Massachusetts and the vicinity with regard to wages, hours and other working conditions.  The Union's offices are located at 475 Myles Standish Boulevard in Taunton, Massachusetts.

14.     Defendant Cavallo-Cavallo, Inc. d/b/a Beaumont Solar Company ("Beaumont") is an employer engaged in commerce within the meaning of Section 3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.  Cavallo-Cavallo, Inc. is a Massachusetts corporation with a principal place of business at 200 North Street in New Bedford, Massachusetts.  Phillip Cavallo is the President, Secretary, and Director of Cavallo-Cavallo, Inc.  On information and belief, Cavallo-Cavallo, Inc. also does business as Beaumont Solar Company, which is, on information and belief, an unincorporated entity that designs, installs, maintains, and finances solar energy systems in Massachusetts, Rhode Island, and Connecticut.  Beaumont Solar Company lists its principal place of business as 200 North Street in New Bedford, Massachusetts.  Phillip Cavallo identifies himself as the President and CEO of Beaumont Solar Company.

15. On information and belief, Bank Five is a banking institution holding assets of Beaumont.

16. On information and belief, Santander Bank, N.A. is a banking institution holding assets of Beaumont.

## GENERAL ALLEGATIONS OF FACT

17. At all times relevant hereto, the Union had a direct contract with Beaumont for the provision of labor.

18. On or about January 3, 2017, Phillip Cavallo executed a Letter of Assent on behalf of Beaumont authorizing the Rhode Island and Southeast Massachusetts Chapter of the National Electrical Contractors Association ("NECA") as its collective bargaining representative for all matters contained in, or pertaining to, the current and any subsequent collective bargaining agreements between NECA and the Union. A true and accurate copy of the Letter of Assent is attached hereto as Exhibit A.

19. By virtue of signing the Letter of Assent, Beaumont is a party to the collective bargaining agreement between NECA and the Union effective for the period September 1, 2017 through August 31, 2020. A true and accurate copy of the collective bargaining agreement ("Agreement" or "CBA") is attached hereto as Exhibit B.

20. The Funds are third-party beneficiaries of the Agreement between Beaumont and the Union.

21. The Agreement requires Beaumont and other signatory employers to make contributions to the Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of the Funds for each hour worked

and specifies further that these amounts are to be paid by the 15th of the month following the month in which the hours were worked. Ex. B at 6.01, 6.02, 6.03, 6.04.

22. The Agreement also requires employers to remit contributions to the S.E. Mass. ELMCT and for the AMF for each hour worked by covered employees at prescribed rates. Ex. B at 6.05, 6.06, 8.01.

23. The Agreement further requires Beaumont to deduct from the wages of covered employees and forward to or through the Union specified amounts for working dues and COPE/PAC. Ex. B at 6.07, 6.08.

24. By virtue of the Agreement, Beaumont agreed to follow the Funds' collection rules and procedures and/or trust agreements, which require payment of interest, liquidated damages and collection costs for late-paid contributions to the Funds and authorize their Trustees to collect the same. Ex. B at 6.12, 5.15, 6.01, 6.05, 8.01.

25. During the period April through December 2018, Beaumont sought and employed electricians from the Union but failed to make contributions to the Pension, Deferred Income, Training, NEBF, S.E. Mass. ELMCT, AMF and LMCC and remit dues and other amounts deducted from their wages to the Union on their behalf.

26. According to remittance reports submitted by Beaumont, it owes $146,201.63 in unpaid contributions to the Pension, Deferred Income, NEBF, Training, S.E. Mass. ELMCT, LMCC and AMF for the period April through December 2018.

27. During the period September through December 2018, Beaumont also failed to make contributions to the Health Fund. According to remittance reports submitted by Beaumont, it owes $19,821.10 in unpaid contributions to the Health Fund for the period September through December 2018.

28. During the period April through December 2018, Beaumont deducted working dues, COPE/PAC and Building Fund contributions from its Union employees' wages but failed to remit those amounts to the Union. Remittance reports submitted by Beaumont show that it owes the Union $21,287.27 in working dues, COPE/PAC and Building Fund contributions for the period April through December 2018.

29. Despite its receipt of communications regarding its obligation to cure its delinquency, Beaumont has failed to pay the total required contributions and other amounts due to the Funds and remit dues and other amounts to the Union for the Union labor performed for Beaumont for the period April through December 2018.

30. In addition, Beaumont owes interest that has accrued on the delinquent contributions, and continues to accrue, as well as liquidated damages and attorneys' fees and costs.

## COUNT I - VIOLATION OF ERISA - UNPAID CONTRIBUTIONS

31. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30 above.

32. The failure of Beaumont to make payment of all contributions owed to Plaintiff ERISA Funds on behalf of all covered employees, along with interest and liquidated damages, violates §515 of ERISA, 29 U.S.C. §1145.

33. Absent an order from this Court, Beaumont will continue to fail to comply with its obligation to remit the contributions it owes to the ERISA Funds, and as a result, the ERISA Funds and their participants will be irreparably damaged.

34. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - UNPAID CONTRIBUTIONS OWED TO THE FUNDS

35. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 34 above.

36. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

37. The failure of Beaumont to pay contributions to the Plaintiff Funds for the period April through December 2018 violates the terms of the CBA.

### COUNT III - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - FAILURE TO REMIT DUES AND OTHER AMOUNTS TO THE UNION

38. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 above.

39. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

40. Beaumont's failure to remit to the Union dues, COPE/PAC and Building Fund deductions, which, on information and belief, were taken from employee wages, violates Section 301 of the LMRA, as amended, 29 USC §185.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order the attachment by trustee process of the of the bank accounts of Beaumont;

b. Order the attachment of the accounts receivable, vehicles, and inventory of Beaumont;

      c.      Enter a preliminary and permanent injunction enjoining Beaumont from refusing or failing to pay the contributions, interest, damages and fees owed to the Funds and the dues and contributions owed to the Union;

      d.      Enter judgment in favor of the Funds on Counts I and II in the liquidated amount of $166,022.73, representing all contributions due and owing from Beaumont for the months of April through December 2018, plus any additional amounts determined by the Court to be owed to the Funds, together with interest on the unpaid contributions from their due date, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, as applicable, and reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

      e.      Enter judgment in favor of the Union on Count III in the amount of $21,287.27, plus any additional amounts determined by the Court to be owed to the Union or which may become due during the pendency of this action; and

      f.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

TRUSTEES OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 223 PENSION FUND, *et al*.,

By their attorneys,

/s/ Elizabeth A. Sloane
Elizabeth A. Sloane, Esq., BBO No. 567866
Sasha N. Gillin, Esq., BBO No. 690769
Segal Roitman, LLP
33 Harrison Avenue, 7th Floor
Boston, MA  02111
(617) 742-0208
esloane@segalroitman.com
sgillin@segalroitman.com

Dated:  February 22, 2019